UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EVIVIAN SANCHEZ,

              Plaintiff,          MEMORANDUM & ORDER
                                                09-CV-3167(JS)(ETB)
   – against –

SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY PROBATION DEPARTMENT,
JERRI NEGRAPONT,

             Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:       Evivian Sanchez, Pro Se
                      15-18 Pond Way
                      Manorville, NY 11949

For Defendants:     No Appearances

SEYBERT, District Judge:

        On July 16, 2009, Plaintiff Evivian Sanchez ("Plaintiff" or "Sanchez") commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (as amended), and filed an application to proceed in forma pauperis. On July 31, 2009, Plaintiff filed an Amended Complaint. Plaintiff's submissions were accompanied by an Equal Employment Opportunity Commission Right to Sue letter, dated November 8, 2008. Upon review of the declaration accompanying Plaintiff's application, the Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons discussed below, the Amended Complaint is dismissed, sua sponte,

without prejudice as against Suffolk County Police Department and Jerri Negrapont. Plaintiff has until November 20, 2009 to file a Second Amended Complaint.

BACKGROUND

In her Amended Complaint, Plaintiff attaches thirty-five pages of single-spaced, type-written narrative with the standard Title VII Complaint form. In the submission, Plaintiff alleges that Defendants discriminated against her on the basis of her age (forty-one), and national origin (Puerto Rican). Though difficult to discern, Plaintiff appears to claim that she worked for the Department of Probation in Riverhead and that she requested a lateral transfer to the Labor Department in July 2009. According to Plaintiff, the transfer was denied in retaliation for her previously filed discrimination lawsuit. (Am. Compl. at unnumbered page 1; attached memo dated June 30, 2009.) Plaintiff also appears to allege that she interviewed for a job with the Suffolk County Police Department, and was offered a job, but that she was offered the job so that the Defendants could "obtain a psychological evaluation to discredit me because of the EEOC complaint that I had filed." (Id.) Plaintiff alleges that she has been subjected to intimidation and told "'don't go to sleep tonight.' They have entered my car just inches from where I am standing I know because the second alarm in my car that I have went off." (Id.) Plaintiff appears to attach a daily, sometimes hourly log of her experiences

working at the Yaphank Probation Office. Plaintiff also appears to allege that people from the Yaphank Probation Office took her calendar from her apartment. (Id.)

DISCUSSION

I.  In Forma Pauperis Application

Upon review of the documents accompanying Plaintiff's application, this Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Furthermore, Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 U.S. Dist. LEXIS 11875, at *5-6 (S.D.N.Y. July 1, 2002).

It is axiomatic that the Court is required to read the Plaintiff's pro se submissions liberally and to liberally construe

a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Pleadings must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).

In Bell Atlantic Corporation v. Twombly, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim,

4

but also "grounds" on which the claim rests. 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it <u>sua</u> <u>sponte</u>. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in <u>Kittay v. Kornstein</u>, 230 F.3d 531, 541 (2d Cir. 2000)).

Here, the series of statements and allegations in the Complaint appear to relate to a denial of a transfer in retaliation for Plaintiff's discrimination lawsuit. Such claims are not frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i-iii); therefore, Plaintiff has sufficiently stated a claim to survive this Court's initial review under Rule 8 as against the Suffolk County Probation Department. However, as pleaded, Plaintiff's Amended Complaint falls short of giving fair notice of her claim as required under Rule 8(a)(2) as against Jerri Negrapont and the Suffolk County Police Department. These Defendants cannot be expected to parse Plaintiff's Amended Complaint into comprehensible legal claims, causes of action, or even understand factually the nature of Plaintiff's allegations. See <u>Mazza v. Caputo</u>, No. 05-CV-3546, 2005 WL 2045791, at *2 (E.D.N.Y. Aug. 25, 2005)

5

(dismissing conclusory one-page complaint pursuant to Rule 8).

While the pleadings of a pro se litigant should be liberally construed in her favor, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because Plaintiff fails to allege facts to support a claim against the Suffolk County Police Department and Jerri Negrapont, the present Amended Complaint fails to satisfy Rule 8 and cannot be sustained in its present form as against these Defendants. In light of the Court's duty to construe pro se filings liberally, however, the Court grants Plaintiff leave to file a Second Amended Complaint to assert claims against the Suffolk County Police Department and Jerri Negrapont. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

## CONCLUSION

Based on the foregoing and the Amended Complaint in this action, it is hereby

ORDERED, that Plaintiff's request to proceed in forma pauperis is GRANTED; and it is further

ORDERED, that Plaintiff's Amended Complaint is dismissed as against the Suffolk County Police Department and Jerri Negrapont, without prejudice and with leave to amend; and it is further

ORDERED, that should Plaintiff choose to file a Second

Amended Complaint, she must do so by November 20, 2009. She must also set forth the legal basis and factual allegations to support her claims against each Defendant, and the relief she is seeking with respect thereto. The Second Amended Complaint must be captioned as "Second Amended Complaint" and bear the same docket number as this Order, and include a timely Right To Sue letter if appropriate. A properly filed Second Amended Complaint will replace the Amended Complaint in its entirety; and it is further

ORDERED, that if Plaintiff fails to submit a Second Amended Complaint against the Suffolk County Police Department and Jerri Negrapont by November 20, 2009, the Amended Complaint will be dismissed against Suffolk County Police Department and Jerri Negrapont with prejudice; and it is further

ORDERED, that the Clerk of the Court is directed to file Plaintiff's papers, and the United States Marshal Service is directed to serve copies of the Summons, Amended Complaint, and this Order upon Suffolk County Probation Department without Plaintiff's payment therefor; however, unpaid fees are recoverable if this action terminates by monetary award in Plaintiff's favor.

                                SO ORDERED

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.

Dated:    October  17 , 2009
          Central Islip, New York