```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EVIVIAN SANCHEZ,
                                                AMENDED
                Plaintiff,                      MEMORANDUM & ORDER
                                                09-CV-3167(JS)(ETB)
        – against –

SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY PROBATION DEPARTMENT,
JERRI NEGRAPONT,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Evivian Sanchez, Pro Se
                    15-18 Pond Way
                    Manorville, NY 11949

For Defendants:     Drew W. Schirmer, Esq.
                    Christine Malafi, Suffolk County Attorney
                    100 Veterans Memorial Highway
                    PO Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Presently before the Court is the Second Amended Complaint of pro se, in forma pauperis Plaintiff Evivian Sanchez ("Plaintiff" or "Sanchez"). Plaintiff commenced this action in July 2009, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended. Plaintiff subsequently filed an Amended Complaint, and on October 17, 2009, this Court issued an order granting Plaintiff in forma pauperis status and dismissing the claims, with leave to amend, against the Suffolk County Police Department and Jerri Negrapont ("Negrapont") for failure to satisfy Federal Rule of Civil Procedure Rule 8. For the reasons set forth below, the Court now dismisses the Second Amended

Complaint pursuant to Rule 12(b)(6) as against Jerri Negrapont and the Suffolk County Police Department with prejudice, and directs service to the Suffolk County Department of Probation.

BACKGROUND

In her Second Amended Complaint, Plaintiff re-alleges that Defendants discriminated against her on the basis of her age (forty-one), and national origin (Puerto Rican). Though still difficult to discern, Plaintiff appears to claim that she worked for the Department of Probation in Riverhead and that she requested a lateral transfer to the Labor Department in July 2009. According to Plaintiff, the transfer was denied in retaliation for her previously filed discrimination lawsuit. (Am. Compl. at unnumbered page 1.) In prior Complaints, but not apparent here, Plaintiff had appeared to allege that she interviewed for a job with the Suffolk County Police Department, and was offered a job, but that she was offered the job so that the Defendants could "obtain a psychological evaluation to discredit me because of the EEOC complaint that I had filed." (Am. Compl. at unnumbered page 1; attached memo dated June 30, 2009.)

Plaintiff also appears to allege that Defendant Jerri Negrapont "was the individual who would 'stir the pot' and begin to complain to each of the other members of the department." (Am. Compl. at unnumbered page 1.)

2

DISCUSSION

I. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. Furthermore, Section 1915(e), as amended by the Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner in forma pauperis actions. See Burns v. Goodwill Indus. of Greater New York, No. 01-CV-11311, 2002 U.S. Dist. LEXIS 11875, at *5-6 (S.D.N.Y. July 1, 2002).

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8. The Second Circuit has held that the purpose of this Rule is to provide an adverse party with notice of the claims asserted and to limit the burden imposed on both courts and litigants by unnecessarily verbose and incoherent pleadings. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Thus, complaints containing only vague or conclusory accusations and no specific facts regarding the alleged

3

wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Thus, despite the Court's obligation to read the Plaintiff's pro se submissions liberally and to liberally construe her papers "'to raise the strongest arguments that they suggest[,]'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), pro se complaints, are required to contain at least "some minimum level of factual support for their claims." Megna v. United States Dep't of the Navy, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004).

When a complaint fails to comply with the requirements of Rule 8, district courts have the authority to dismiss the complaint sua sponte. See Salahuddin, 861 F.2d at 42; see also Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts have the authority to dismiss frivolous actions sua sponte "in order to preserve scarce judicial resources.") "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." Salahuddin, 861 F.2d at 42.

Applying the above mentioned standards to the case at hand, and affording it liberal interpretation, the Court finds that Plaintiff has failed to allege a Title VII claim against Suffolk

4

County Police Department; Plaintiff's allegations against the Police Department allege that she was offered a job at the Suffolk County Police Department, thus she has failed to plead that she suffered any adverse employment determination. Because Plaintiff has had two opportunities to properly plead these claims and she has failed to do so, the Court DISMISSES the Second Amended Complaint against the Suffolk County Police Department with prejudice.

A Title VII action may be maintained only against an "employer-entity," and not an individual. <u>Darcy v. Lippman</u>, No. 08-CV-2293, 2009 WL 3416168 *1 (2d Cir. Oct. 22, 2009). Therefore, Plaintiff's claims against Negrapont, an individual co-worker, may not be sustained. <u>Tomka</u>, 66 F.3d at 1313-16. Consequently, the Court DISMISSES with prejudice Plaintiff's Title VII claim against Negrapont.

CONCLUSION

IT HEREBY IS ORDERED, that the Second Amended Complaint is DISMISSED with prejudice as against the individual defendant Jerri Negrapont and the Suffolk County Police Department, and the Clerk of the Court is directed to TERMINATE these Defendants as parties to this action and update the docket accordingly; and it is further

ORDERED, that the Clerk of the Court is directed to file Plaintiff's papers, and the United States Marshal Service is

directed to serve copies of the Summons, Second Amended Complaint, and this Order upon the Suffolk County Probation Department without Plaintiff's payment therefor; however, unpaid fees are recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January 20, 2010
          Central Islip, New York