UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EVIVIAN SANCHEZ,

               Plaintiff,             MEMORANDUM & ORDER
                                                   09-CV-3167(JS)(ETB)
   - against -

SUFFOLK COUNTY PROBATION DEPARTMENT,

               Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:       Evivian Sanchez, Pro Se
                      15-18 Pond Way
                      Manorville, NY 11949

For Defendants:      Drew W. Schirmer, Esq.
                      Christine Malafi, Esq.
                      Suffolk County Attorney
                      100 Veterans Memorial Highway
                      PO Box 6100
                      Hauppauge, NY 11788

SEYBERT, District Judge:

        Pending before the Court is Suffolk County Probation Department's Motion to Dismiss the Second Amended Complaint of pro se, in forma pauperis Plaintiff Evivian Sanchez ("Plaintiff" or "Sanchez"). (Docket No. 22.) Plaintiff initiated this action in July 2009, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (as amended). Thereafter Plaintiff filed an Amended Complaint, and, on October 17, 2009, this Court issued an Order granting Plaintiff in forma pauperis status but dismissing her claims, with leave to amend, against the Suffolk County Police Department and Jerri Negrapont for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure.

        Plaintiff's Second Amended Complaint, filed on November

16, 2009, was likewise dismissed sua sponte on January 20, 2010 with respect to all claims against the Suffolk County Police Department and Jerri Negrapont. In that Order, the Court held, inter alia, that Plaintiff failed properly to plead a Title VII claim against the Suffolk County Police Department because she failed to allege adverse employment action; and that Jerri Negrapont, an individual rather than an employer-entity, was on the basis of that distinction an improper Title VII defendant. (Am. Mem. and Order at 5.) That Order left standing Plaintiff's claims against the Suffolk County Department of Probation ("Probation Department" or "Defendant"). For the reasons set forth below, the Court grants the Probation Department's unopposed Motion to Dismiss.

## DISCUSSION

### I. Title VII's Time Limitations

A Title VII litigant is statutorily allotted a ninety-day window within which to file a civil action based on charges first brought before the EEOC; the "clock" starts to run when the EEOC mails to him or her the so-called right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). This ninety-day requirement is in the nature of a statute of limitations, subject to equitable tolling. Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984); see also Toner v. Suffolk County Water Authority, 220 F.R.D. 20, 21 (E.D.N.Y. 2004) (holding that the ninety-day limitation period is

2

stringently enforced). Such equitable tolling is available only in "rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003).

"Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right-to-sue letter three days after its mailing." Johnson v. St. Barnabas Nursing Home, 368 Fed. Appx. 246, 248 (2d Cir. 2010). Here, the EEOC mailed Plaintiff's right-to-sue letter – which unequivocally stated that "your lawsuit must be filed within 90 days of your receipt of this notice or your right to sue based on this charge will be lost" – on November 18, 2008. (Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. A.) This letter wholly encompasses the Title VII allegations contained in Plaintiff's Second Amended Complaint; namely, the claims of retaliation and of denial of Plaintiff's transfer request. Id. Despite her original Complaint's allegation that she was not in receipt of the right-to-sue letter until January 2009, Plaintiff's Second Amended Complaint claims she received the EEOC's letter as early as November 8, 2008 – early indeed, for that was ten days before the letter was sent according to the EEOC.(Pl.'s Second Am. Compl. at 5.)

Either way, Plaintiff's Complaint is time-barred: even if the Court gives her the benefit of the doubt, Plaintiff's Complaint

had to have been filed by May 1, 2009. The original Complaint in this civil action was not filed until July 16, 2009, seventy-five days after the close of the (most charitable) ninety-day window.

Plaintiff has elected to file no opposition to Defendant's motion, much less one that furnishes such "rare and exceptional circumstances" as would persuade the Court to toll equitably the ninety-day deadline. See Zerilli-Edelglass 333 F.3d at 80-81. Her Title VII complaint therefore must be dismissed on this basis.

## II. Plaintiff's Employment Discrimination Allegations

To survive a motion to dismiss a complaint must be composed of facts sufficient to state a claim to relief that is "plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Mere labels, conclusory assertions, and formulaic recitations of the cause of action's elements will not do. Id.

In considering motions to dismiss pro se complaints, the court must "construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]." Weixel v. Board of Educ. of City of New York, 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). This liberal reading applies even more strongly in the context, as here, of alleged civil-rights violations. See Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001).

A.  <u>Sanchez's Claim of Retaliation</u>

To establish a prima facie case for retaliation, a Title VII plaintiff must plead facts which show that: (1) [she] participated in a protected activity; (2) the defendant knew of this activity; (3) the defendant undertook adverse action against the plaintiff; and (4) there existed a causal connection between the protected activity and the adverse action. <u>La Grande v. DeCrescente Distributing Co.,Inc.</u>, 370 Fed. Appx. 206, 212 (2d. Cir. 2010). Employees are protected both in lodging formal charges of discrimination and in registering informal protests of discrimination to management. <u>See</u> <u>Sumner v. U.S. Postal Serv.</u>, 899 F.2d 203, 209 (2d Cir. 1990).

As for the third prong, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). Such an action is "more disruptive than a mere inconvenience or an alteration of job responsibilities." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 138 (2d Cir. 2003). Examples include: "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other

5

indices unique to a particular situation." Id.

Interpreting Sanchez's pro se Complaint to raise the strongest arguments that it suggests, the following observations may be fairly made. Over the course of twenty-five pages of single-spaced text that verges on impenetrability and serves as a employment diary as well as a complaint, Plaintiff appears to satisfactorily allege the first two elements of a retaliation claim when she asserts that she filed an EEOC Charge against the Probation Department in May 2008 and that a co-worker, named Jerri Negrapont (whose position is not stated), overheard Plaintiff refer to the Charge. (Pl.'s Second Am. Compl. at ¶ 5).

Plaintiff does not, however, allege facts showing a causal connection between this protected activity and any adverse action undertaken by the Probation Department that was "more disruptive than a mere inconvenience or an alteration of job responsibilities," assuming the actions described in the Complaint even meet that standard. In the latest iteration of her Complaint, for instance, she seems to allege that her decision to file a discrimination case against the Probation Department prompted the latter to enlist the Suffolk County Police Department to launch a psychological investigation of Plaintiff under the guise of offering her an emergency operator position there. (Pl.'s Second Am. Compl. at 1.) But not a single fact is adduced to support the theory that Defendant and the Suffolk County Police colluded. Nor

6

is there any stated causal connection between her protected activity and the incidents involving surreptitious entries into her apartment. Id.

Additionally, she alleges myriad exchanges with her co-workers in which they criticize her productivity and incessant errors. (Pl.'s Second Am. Compl. at ¶¶ 3, 7, 9, 44). In one, a superior named James Golbin informs Plaintiff that the pressure on her to improve her work performance would continue so long as her performance was deficient. (Pl.'s Second Am. Compl. at ¶ 9.) No facts are adduced that causally connect, or hint at causal connection between, these conversations and her protected activity. Furthermore, many of the allegedly hostile remarks she cites occurred before the date on which she lodged her EEOC complaint in May 2008. Thus, they could not have been motivated by a retaliatory impulse stemming from that EEOC complaint.

Sanchez contends that on May 8, 2009 she received an e-mail from one Marianne Ziegler ("Ziegler") stating that Sanchez's job had changed so that "for the next two months [she would] be cleaning out sue files on judgments." (Pl.'s Second Am. Compl. at ¶ 11). Unstated is whether Sanchez's job in fact changed. Even when construing the Complaint broadly and charitably, it is virtually impossible to determine whether and to what extent this alleged employment action constitutes "more than a mere

inconvenience or an alteration of job responsibilities."[1] And, again, it is utterly unclear from the Complaint whether this action took place before or after her EEOC complaint was filed. Further, no causal link is alleged between this episode and her protected EEOC activity.

Similarly, the Complaint alleges that on June 6, 2008, Marianne Ziegler stated Plaintiff would no longer be handling the mail; instead, Plaintiff would prepare judgments for scanning. Ziegler then offered the explanation that Plaintiff took too long to do the mail. (Pl.'s Second Am. Compl. ¶ 50). Again, unstated is whether Plaintiff was in fact moved from mail duty. More to the point, the Complaint does not even contend that Ziegler's critique was inaccurate, much less that it was motivated by, or even connected to, Plaintiff's unrelated protected activity.

Attached to the Complaint is a memo from Plaintiff to "Alan Schneider, Director of Personnel." In it Plaintiff expresses regret that her request for a transfer to the Suffolk County Labor Department was denied on July 9, 2009 by John Despond, Director of the Probation Department. Assuming for the sake of argument and for the benefit of pro se Plaintiff that such a denial constitutes a legally cognizable adverse action, no facts are adduced showing a causal connection between this event, occurring in July 2009, and

---

[1] Plaintiff never includes a clear description of her prior duties in any of her complaints.

the filing of her EEOC complaint in May 2008.

Not having alleged facts constituting a casual connection between her protected activity and the allegedly adverse actions undertaken by the Probation Department, Plaintiff has failed to state facts sufficient to state a claim to relief that is plausible on its face.

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint is DISMISSED with prejudice as against the Suffolk County Probation Department. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 13, 2010
Central Islip, New York